IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CANDELARIO DAVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-621 |
| | § | |
| | § | |
| PATRIOT ERECTORS LLC | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, CANDELARIO DAVILA, files this Complaint and Jury Demand against Defendant PATRIOT ERECTORS LLC. alleging willful violation of Title VII of the Civil Rights Act of 1964, as amended, the Texas Commission on Human Rights Act, and 42 U.S.C. Sec. 1981. For causes of action, Plaintiff would show the Court as follows:

**I.**
**PARTIES, JURISDICTION, VENUE, AND**
**ADMINISTRATIVE EXHAUSTION**

1.      Plaintiff, CANDELARIO DAVILA, is a resident of Hays County, Texas.

2.      Defendant PATRIOT ERECTORS LLC is an entity which can be served with Citation through its Registered Agent,  Registered Agent Solutions, 1701 Directors Blvd, Suite 300, Austin, Texas, 78744-0000, USA.

3.      At all times relevant to this case, Defendant PATRIOT ERECTORS LLC acted as Plaintiff's employer.

4.      This Court has jurisdiction to hear the merits of Mr. Davila's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Davila's claims arising under Texas statutory law under 28 U.S.C. §1367. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

5.      Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on August 17, 2020, within 300 days of his constructive discharge in January 2020. Plaintiff received a Right to Sue notice from the U.S. Equal Opportunity Commission on or after April 16, 2021.  42 U.S.C. Sec. 1981 does not require the exhaustion of administrative remedies.

## II.
## FACTUAL BACKGROUND

6.      Mr. Davila was hired by the Defendant in 2014 as a Welder. He was promoted to the position of supervisor about a year after that. After he got that promotion, he was working toward being promoted to Production Manager. Mr. Davila is Hispanic, and Mexican-American.

7.      In October 2019 the Production Manager job opened up when Robert White, a Black man, was removed from it. The opportunity to apply for the position was not announced, so Mr. Davila did not know it was vacant. Defendant gave the position to Justin Snyder, a white, non-Hispanic male with far less relevant experience than Mr. Davila.

8.      When Mr. Snyder was given the Production Manager position, Mr. Davila expressed to him that it was unfair that Mr. Davila did not receive it. Mr. Snyder responded that

"you're just not their type". During mid and late 2019, the company had changed management, and they had removed many female and minority employees.

9.     Mr. Davila resigned his employment with Defendant in January 2020 because of the pattern of discrimination against minorities and the lack of advancement opportunities caused by that pattern.

### III.
### CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION UNDER
### TITLE  VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42  U.S.C. SEC. 1981

10.     Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

11.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of his race (Hispanic) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

12.     Defendant is an employer within the meaning of Title VII.

13.     Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of

such individual's race, color, religion, sex, or national origin." Title VII of the Civil Rights Act of 1964 further prohibits retaliation against employees for opposing practices that violate Title VII.

14.     42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

15.     Defendant intentionally discriminated against Plaintiff because of his race and retaliated against him for opposing discriminatory conduct in violation 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 by refusing to promote him to the Production Manager position and by constructively terminating his employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages.

## COUNT TWO - DISCRIMINATION AND UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

16.     The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race and national origin, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

17.     Plaintiff's race and national origin were determining or motivating factors in Defendant's employment decisions regarding Plaintiff as described above, including the decision to deny Plaintiff the promotion to the Production Manager position and to constructively

discharge Plaintiff. Plaintiff's race and national origin moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## IV.
## DAMAGES

18.    As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

19.    Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his race and national origin. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

20.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

21.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII and 42 U.S.C. Sec. 1981. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

22.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.      The Court assume jurisdiction of this cause;

2.      The Court award Plaintiff damages as specified above;

3.      The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.      The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.      The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 2406088
ATTORNEY FOR PLAINTIFF